

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Murrell L. Buckner, Chairman
Game, Fish and Oyster Commission
Austin, Texas

Dear Sir:

Opinion No.  O-4307
Re:  Should the persons who fish as
described be licensed as "com-
mercial fishermen"?

From your letter of recent date we quote the follow-ing:

"A number of fishermen along the Texas Coast
owning their own boats, together with their crews,
go into the Gulf of Mexico beyond the territorial
waters of the State of Texas to catch red snapper,
and, upon completing their catch return to ports
along the coast and sell the fish caught.

"Sub-Section (a) of Section 1 of Article 934a
defines a 'commercial fisherman' to be 'any per-
son who takes fish or oysters or shrimp or other
edible aquatic products, from the waters of this
State, for pay, or for the purpose of sale, bar-
ter or exchange,' which would seem to limit the
taking of aquatic products from the waters of
this State, which fact is not present in the
statement of facts hereinabove made, however, Sec-
tion 11 of said Article 934a reads in part as
follows:  'Provided that no person shall bring
into this State any aquatic products and in this
State offer them for sale without procuring the
license required for such transaction by a dealer
in this State, and the fact that such aquatic
products were caught in another State shall not
entitle the person claiming to have caught them
to sell same in this State as a commercial fish-
erman.'

"We contend that that portion of Section 11
of the Act, hereinabove quoted, would oblige
those who fish as above set out to be licensed as
'commercial fishermen'.  The fisherman concerned
contend, however, that a part of Section 11 of

said Act hereinabove quoted and reading as fol-
lows:  'and the fact that such aquatic products
were caught <u>in another State</u> shall not entitle
the person claiming to have caught them to sell
same in this State as commercial fishermen,'
limits the construction contended for by the
Commission to products caught in the waters of
another State and not in the Gulf of Mexico
beyond the territorial jurisdiction of this or
any other State."

Your reference to Article 934a of the Penal Code
of Texas is to Vernon's Annotated Penal Code, and the Legis-
lation was originally enacted in 1933 by the 43rd Legisla-
ture.  See Acts 1933, 1st C. S., ch. 29, p. 85.  Amendments
were adopted in 1934 and 1935.  See Acts 1934, 3rd C. S.,
ch. 40, p. 83 and Acts 1935, Reg. Sess., ch. 345, p. 808.
Your reference to sub-section (a) of Section 1 is correct,
but that portion of the act referred to in your letter as
Section 11 is really sub-section 11 of Section 3 of said
Article 934a.

We think it pertinent to quote in full the two sub-
sections under consideration.  Section 1 defines a "commer-
cial fisherman" as follows:

"(a)  A 'Commercial Fisherman' is any per-
son who takes fish or oysters or shrimp or other
edible acquatic products from the waters of this
State, for pay, or for the purpose of sale, bar-
ter or exchange."

Sub-section 11 of Section 3 reads as follows:

"11.  Place of business, as used in this Act,
shall include the place where orders for acquatic
products are received, or where acquatic products
are sold, and if sold from a vehicle, the vehicle
on which, or from which such acquatic products
are sold, shall constitute a place of business.
The license shall at all times be publicly dis-
played by the dealer in his place of business so
as to be easily seen by the public and the em-
ployees of the Game, Fish and Oyster Commission.
And if any acquatic products are transported for
the purpose of sale in any vehicle the license re-
quired of such dealer shall be displayed inside of
such vehicle. <u>Provided that no person shall bring
into this State any acquatic products and in this
State offer same for sale without procuring the</u>

<u>license required for such a transaction by a dealer in this State, and the fact that such acquatic products were caught in another State shall not entitle the person claiming to have caught them to sell same in this State as a commercial fisherman.</u>" (Emphasis ours)

We think that portion of the statute underscored by us for emphasis is susceptible or division; that the first part contains the broad prohibitory provision that "no person shall bring into this State any acquatic products" (from <u>any place without this State</u>, whether such place constitutes waters of another state or waters beyond the territorial jurisdiction of any state) "and in this State offer same for sale without procuring the license required for such a transaction by a dealer in this State." Under the facts stated by you, if the fish were taken within the territorial jurisdiction of Texas, there could be no argument but that the statute would require "Commercial Fishermen's License".

The second portion of the underscored quotation would seem merely to be an example or condition; that is, that even if the fish or acquatic products were caught in another State (with the virtual certainty of having to obtain licenses from such State to legally use its waters) that nevertheless such fact should not entitle the person who caught them "to sell same in this State as a commercial fisherman."

It is therefore our opinion that the persons mentioned in your letter should obtain Commercial Fishermen's License as described in sub-section 1 of Section 3 of Article 934a, Vernon's Annotated Penal Code.

Yours very truly

ATTORNEY GENERAL OF TEXAS

BW:GO:wc

By s/Benjamin Woodall
                    Assistant

APPROVED JAN 20, 1942
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman